# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2013

Lyle W. Cayce
Clerk

No. 12-60813
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHOYES HILTERBRAND, also known as Ken Carroll,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CR-7-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Choyes Hilterbrand appeals his eight-year sentence following his guilty plea conviction for wire fraud. As part of the plea agreement, Hilterbrand waived his right to appeal his conviction and sentence without exception. Because the rearraignment transcript is not part of the record on appeal, we cannot determine whether Hilterbrand knowingly and voluntarily waived his right to appeal. However, because Hilterbrand's challenge to his sentence fails,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

we pretermit consideration of the effect of the appeal waiver. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006). Accordingly, we deny the Government's motion for dismissal, or in the alternative, for summary affirmance.

Hilterbrand contends that his eight-year sentence, a variance from the advisory sentencing guidelines range of 37 to 46 months, was substantively unreasonable. Following *United States v. Booker*, 543 U.S. 220 (2005), our review of sentences is for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). When the district court has imposed a sentence that varies from the guidelines range, reasonableness review requires that we evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Hilterbrand did not object in the district court that his sentence was substantively unreasonable. Accordingly, as he concedes, our review is for plain error. *See United States v. Peltier,* 505 F.3d 389, 392 (5th Cir. 2007).

The record indicates that the district court properly considered the § 3553(a) factors. Further, the district court imposed the eight-year sentence due to Hilterbrand's submission of fraudulent character reference letters, Hilterbrand's fraudulent financial documents, his providing testimony that was not credible, and for not being repentant. *See United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008).

To the extent that Hilterbrand contends that the district court, in arriving at his variant sentence, impermissibly engaged in double counting, Hilterbrand has not shown any error. *See id.* at 350. Hilterbrand has failed to establish that the district court relied upon an improper factor and, to the extent that he merely disagrees with his sentence and the district court's

weighing of those factors, he has not shown that he is entitled to relief on that basis. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Finally, the extent of the variance is reasonable. We have upheld variances considerably greater than the increase to Hilterbrand's sentence. *E.g.*, *Brantley*, 537 F.3d at 349-50; *United States v. Lopez-Velasquez*, 526 F.3d 804, 805-07 (5th Cir. 2008).

MOTION FOR DISMISSAL, OR IN THE ALTERNATIVE, FOR SUMMARY AFFIRMANCE DENIED; AFFIRMED.