# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41257
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO OBRAJERO-SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-78-2

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pedro Obrajero-Sanchez pleaded guilty to conspiracy to possess with intent to distribute heroin and was sentenced to 135 months of imprisonment and five years of supervised release. On appeal, he argues that (1) the district court erred by applying an adjustment under U.S.S.G. § 3B1.1(a) for his role in the offense, (2) the district court failed to provide sufficient notice that it would apply the § 3B1.1(a) adjustment, (3) the district court failed to make an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

explicit finding regarding the reliability and credibility of the witnesses who testified at sentencing, and (4) the presentation of witnesses at sentencing to increase his sentence violated his due process, equal protection, and Eighth Amendment rights.

As part of his written plea agreement, Obrajero-Sanchez waived his right to appeal his conviction and sentence. Although Obrajero-Sanchez did not challenge the validity of the appeal waiver in his opening brief, we cannot ascertain whether he knowingly and voluntarily waived his right to appeal because the rearraignment transcript containing his guilty plea is not part of the record on appeal. Because Obrajero-Sanchez's challenge to his sentence fails, we pretermit consideration of the effect of the appeal waiver. *See United States v. Hilterbrand*, 538 F. App'x 394, 394 (5th Cir.), *cert. denied*, 134 S. Ct. 536 (2013); *United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).

Obrajero-Sanchez's constitutional challenges to the district court's reliance upon witness testimony at sentencing to support the § 3B1.1(a) adjustment lack merit. *See United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009); *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993). His challenges to the procedural reasonableness of his sentence fail to establish any errors. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). Even if notice had been required under Federal Rule of Criminal Procedure 32(h), the district court provided notice to Obrajero-Sanchez that it could apply the § 3B1.1(a) adjustment at sentencing. Moreover, he has failed to show that the district court clearly erred by determining that he was a leader or organizer of a criminal activity that involved five or more participants for purposes of § 3B1.1(a). *See United States v. Alaniz*, 726 F.3d 586, 622 (5th Cir. 2013).

No. 12-41257

Accordingly, in light of the foregoing, the Government's motion to summarily dismiss Obrajero-Sanchez's appeal is DENIED, the Government's motion in the alternative for an extension of time in which to file a brief is DENIED as unnecessary, and the judgment of the district court is AFFIRMED.